Herbert John Derungs
Federal Registration No.: 99654-111
FCI Terminal Island, California

In Propria Persona

FILED
2011 DEC -2  AM 10: 20
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

IN THE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JOHN DERUNGS,<br>　　　　Petitioner,<br><br>v.<br><br>ARCOLA WASHINGTON-ADDUCI, WARDEN,<br>　　　　Respondent. | CIV.NO. CV11 010004 DOC (MRW)<br><br>CRM.NO. _____ |

# PETITION FOR WRIT OF HABEAS CORPUS
# PURSUANT TO TITLE 28 U.S.C. SECTION 2241

Comes now, Petitioner, Herbert John Derungs, (hereinafter "Mr. Derungs") to make this application for a Writ of Habeas Corpus on the grounds that he is unlawfully being detained and restrained of approximately six-months of his liberty by Respondent, Arcola Washington-Adduci, Warden.

Mr. Derungs is now in the custody of the Respondent in the United States Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution known as FCI Terminal Island, California.

LODGED
CLERK, U.S. DISTRICT COURT
DEC - 1 2011
CENTRAL DISTRICT OF CALIFORNIA
BY　　　　　DEPUTY

The cause of Mr. Derungs' detention and restraint is Respondent has deprived him of his right to Due Process of Law, guaranteed by the Fifth Amendment to the United States Constitution, in connection with a disciplinary hearing conducted on June 24, 2011, at the BOP's Residential Reentry Center ("RRC") located at 111 Taylor Street, San Francisco, California, 94102.

Mr. Derungs was unconstitutionally subjected to, <u>inter alia</u>, deprivation of his liberty in the amount of approximately six-months for two alleged 300 series violations of BOP rules for being out of bounds and having unauthorized contact with the public.

Mr. Derungs' constitutional rights were denied in connection with his disciplinary hearing and decision in that the Disciplinary Hearing Officer was: 1) personally prejudiced against him; 2) failed to provide Mr. Derungs 24 hour notice of the charges; 3) refused to provide Mr. Derungs a staff representative; 4) threatened Mr. Derungs that if he did not wave his rights to a staff representative, he would be further penalized; 5) had Mr. Derungs waive his right to gather evidence in support of his defense and enter a statement in the record under the disingenuous guise that his only sanctions would be room restriction and extra duty; 6) failed to follow existing BOP policy, internal rules, and regulations; 7) refused to give Mr. Derungs a copy of his charges and Incident Reports after the Hearing; 8) Respondent to date: August 24, 2011, has wantonly and intentionally failed to remedy the aforementioned violations; and 8) Respondent to date: August 24, 2011, has wantonly and intentionally failed to provide a review of the previous Disciplinary Hearing or any other administrative remedy for the aforementioned violations.

This detention is unlawful because: 1) The Disciplinary Hearing Officer verbally threatened Mr. Derungs with retaliation if he invoked his right to a staff representative; 2) falsified BOP policy, internal rules, and guidelines to Mr. Derungs in order to have him waive all of his procedural due process rights in direct violation of Wolff v. McDonnell, 418 U.S. 539, 41 L.Ed.2d 935, 94 S.Ct. 2963 (1974); 3) intentionally failed to provide Mr. Derungs 24 hour notice of the charges; 4) intentionally failed to make an independent evaluation of the evidence; 5) intentionally failed to allow Mr. Derungs to make and preserve a statement in the record; 6) intentionally failed to allow Mr. Derungs to present documentary evidence at the Hearing; 7) intentionally failed to allow Mr. Derungs to call witnesses to testify on his behalf at the Hearing; 8) it is the duty of Respondent as a matter of procedural due process to properly ascertain the facts of an incident in an impartial manner; 9) it is the duty of Respondent to follow the BOP's rules, internal guidelines, and the law, when six -months of Mr. Derungs' liberty are at stake; and 10) it is the duty of Respondent to provide the proper administrative procedures to prisoners who have been divested of their liberty from Disciplinary Hearings.

No other applications for a Writ of Habeas Corpus have previously been made to any other Court or Judge.

Mr. Derungs has no other remedy for release from his unlawful detention other than this Petition for a Writ of Habeas Corpus because Respondent refuses to provide a review hearing or any other administrative remedy avenues.

**Jurisdiction**

This Court has jurisdiction in this matter, as the proper vehicle for challenging the determination of a Disciplinary Hearing Officer's deprivation of liberty sanctions for violation

BOP rules or policy is a petition for relief under Title 28 U.S.C. Section 2241 in the district where the inmate is imprisoned. Id. See e.g., Gomori v. Arnold, 533 F.2d 871, 874-75 (3rd Cir. 1976)(holding that "where petitioner challenges the effect of events 'subsequent' to his sentence, the habeas corpus remedy in 28 U.S.C. Section 2241 is an appropriate remedy, "rather than a motion pursuant to 28 U.S.C. Section 2255.").

Since Mr. Derungs is alleging that the BOP has failed to follow its own policy, by and through its RRC, continues to do so to date at FCI Terminal Island, California, has violated his procedural due process rights under the law, and he is currently detained in the Central District of California, he is therefore properly before this Court.

### Statement of Facts

On or about June 20, 2011, Hebert John Derungs, Federal Registration No.: 99654-111 was serving a 6 month aftercare provision of his federal sentence through the Federal Bureau of Prison's Residential Drug Abuse Treatment Program ("RDAP"). The RDAP is a comprehensive program with different components, where eligible inmates may receive up to a one-year reduction in their sentence upon successful completion, along with consideration for the full six months of a Residential Reentry Center ("RRC"), all of which is a part of the RDAP. Id. Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedure.* See also 5330.10, *Drug Abuse Programs Manual, Inmate.*

The first component is an approximate nine month institution-based program where all participants reside in a specified RDAP unit. A subsequent component includes six months of RDAP transitional treatment at an RRC which shall not be revoked absent a 100 or 200 series

violation of BOP policy. RRC's were formerly referred to as halfway houses or community corrections centers. Moving an inmate to an RRC is no different than transferring an inmate from one BOP location to another. The BOP exercises its judgment to place inmates accordingly during the service of their sentence, and such placements may include transfers to an RRC. Such transfers to an RRC are controlled by various BOP policies and federal regulations. Id. See also, 28 C.F.R. § 570.21. RDAP inmates are normally considered for six months of RRC placement as part of the RDAP. In addition, eligible inmates who complete the RDAP may receive a sentence reduction of up-to one year, which is usually the time remaining after an inmate serves six months in a RRC. Id.

The RDAP program at the RRC, located at 111 Taylor Street, San Francisco, California, is a required component for federal prisoners in the Northern District of California. Mr. Derungs was making excellent progress through Transitional Drug Abuse Therapy, (TDAT) and he had a tentative release date from the facility on November 15, 2011. He was also to begin full time employment on July 1, 2011, and he had secured a studio apartment in San Francisco. Id. Declaration of Herbert John Derungs at 2.

On or about June 24, 2011, Mr. Derungs was notified by his Case Manager, Ms. Melody Daniels, that he was receiving two 300 Series Bureau of Prisons (BOP) Incident Reports. One Incident Report was for allegedly being "out of bounds." The other was for an alleged "unauthorized contact with the public." Id. at 3. Mr. Derungs was also threatened by Mrs. Jennifer James, United States Probation Officer, that she would do whatever it takes to send him back to prison. Id. at 2. Mr. Derungs immediately asked Ms. Daniels whether or not he was entitled to have a staff representative present during his Disciplinary Hearing. Id. at 3. It was

his position that pursuant to BOP policy he was entitled to staff representation to marshal his facts and gather evidence in support of his defense to the charges. Id. However, Ms. Daniels informed Mr. Derungs that he was only entitled to staff representation if the nature of the charges, or the Incident Reports were in the high severity categories of 100 or 200 series. Id.

Ms. Daniels then informed Mr. Derungs that the nature of his particular Incident Report violations were so "trivial" that the sanctions to be imposed by signing away all of his rights at that moment and admitting to the charges, would only be a "lock down confinement to his room for a couple of days," and some "extra duty." Id. Mr. Derungs "hesitated" and inquired as to whether or not he should have a staff representative. Id. "Immediately, Ms. Daniels became visibly upset" and told him that by not signing the Incident Reports, he was only making "matters worse" for himself. Id. Ms. Daniels then "vehemently declared that by [Mr. Derungs'] actions he was creating more paperwork and trouble for himself." Id. Ms. Daniels then reiterated that staff representation is only warranted pursuant to BOP policy when it involves "serious Incident Reports in the 100 to 200 series ranges." Id.

Based on "Ms. Daniels' averments," Mr. Derungs signed the Incident Reports. Id. He was then immediately ushered into a conference room where a Mrs. Washington, Assistant Halfway House Director, was waiting for him. Id. They sat down, and after Mrs. Washington had read aloud the Incident Reports, she asked Mr. Derungs if he had anything to say. Id. Mr. Derungs told her that he had requested a staff representative, and that he was really uncomfortable talking to her without one present. Mrs. Washington told him to "take that up" with Mrs. Maria Richards, Halfway House Director, when she came to work later that day. Id. at 4.

Mrs. Washington then told Mr. Derungs that she was finding him guilty of both charges, and that he should "sit tight" for a couple of minutes until she made a phone call. Id. Mrs. Washington then made a phone call from her cell phone and stated: "Yeah, all set. Bye." Id. Mr. Derungs and Mrs. Washington sat there for approximately 1.5 to 2 minutes before two United States Marshals entered the conference room and remanded Mr. Derungs back into custody. Id. He was then taken to the Federal Correctional Institution at Dublin, California, and subsequently transferred to FCI Terminal Island, California. Mr. Derungs was never given a copy of the alleged Incident Reports. Id.

To date BOP officials refuse to hold a DHO hearing, have not given Mr. Derungs copies of his charges, or provided any other form of relief by way of administrative remedies or otherwise. Id.

### Legal Analysis under the Code of Federal Regulations

The Federal Bureau of Prisons has specific guidelines for inmate disciplinary procedures that they are required to follow at their respective RRC's. These guidelines are codified at 28 Code of Federal Regulations (CFR), Section 541.10 et. seq. Prohibited acts are categorized according to the severity of the conduct. Code Level 100's are deemed the "Greatest," Code level 200's as "High," and proceeding to 400 level codes as "Low Moderate." Id. The Prohibited Acts Code and Disciplinary Severity Scale are set forth at 28 CFR Section 541.13 Tables 3-5. Incident Reports are prepared in Accordance with Section 541.14 and are referred to the Unit Disciplinary Committee (UDC) for an initial hearing pursuant to Section 541.15.

The UDC Hearing is typically conducted within three working days of the incident, but may be extended for good cause pursuant to Section 541.15(b) and (k). The UDC may refer the matter to the Disciplinary Hearing Officer (DHO) for further proceedings pursuant to Section 541.15(f).

DHO procedures are set forth at Section 541.17. These procedures require, <u>inter alia</u>, the following:

- "(a) 24-hour advance written notice of the charge before the inmate's initial appearance before the DHO; this right may be waived." Id. Section 541.17(a).
- "(b) [A]n inmate shall be provided a staff representative at the DHO Hearing, if so desired." Id. Section 541.17(b).
- "(c) [A]n inmate is entitled to make a statement and present documentary evidence at the DHO Hearing; the inmate may also call witnesses to testify on his behalf, but may not question the witnesses." Id. Section 541.17(c).
- "(d) [T]he inmate is entitled to be present throughout the hearing, except during a period of deliberation or when institutional security would be jeopardized." Id. Section 541.17(d).
- "(f) [T]he DHO shall consider all evidence presented at the hearing." Id. Section 541.17(f).
- "(g) [T]he DHO shall prepare a record of the proceedings that documents the advisements of the inmate's rights, the DHO's findings, the DHO's decision, the specific evidence relied upon by the DHO, and a brief statement of the reasons for imposition of sanctions." Id. Section 541.17(g). A written copy of the DHO's decision and disposition must be provided to the inmate ordinarily within 10 days. Id.

### Discussion

As a federal prisoner, Mr. Derungs has a constitutionally protected liberty interest in placement in an RRC, the RDAP program, and in his earned good-conduct time. See e.g. <u>Brown v. Smith</u>, 828 F.2d 1493, 1494 (10th Cir. 1987). Therefore, he was

entitled to due process at the disciplinary hearing in question. Id. Wolff, 418 U.S. at 556. Here, adequate due process at a prison disciplinary hearing requires that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, a staff representative, a written statement by the fact finders of the reasons for the decision and the evidence on which they relied, and the right to appeal. See id. at 563-66; Smith v. Maschner, 899 F.2d 940, 946 (10th Cir. 1990). Unfortunately, none of these safeguards occurred in this matter.

Further, there also must be some evidence to support a disciplinary conviction. Id. Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985); Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996). Although it is beyond cavil that while prison disciplinary boards are entitled to resolve factual conflicts under the "some evidence" rule of Hill, they are "[n]ot entitled to prevent the prisoner from offering material evidence." Id. Johnson v. Finnan, 467 F.3d 693 (7th Cir. 2006). See also, Sims v. Artuz, 230 F.3d 14 (2d Cir 2000)(holding that denial of the prisoner's ability to present evidence in his own behalf violates Wolff's safeguards. A fortiori, where BOP policy itself precluded removal from an RRC absent a 100 or 200 series BOP violation.

## Conclusion

Mr. Derungs respectfully submits that this Honorable Court has the ability to correct the injustices that have occurred to him throughout these proceedings. He is presently in the custody of Respondent who has artificially truncated any procedural due process rights he was

9

entitled to. As a pro se petitioner, he is respectfully requesting liberal construction of his pleadings as he "occupies a unique position in the law" and is "to be afforded 'the benefit of any doubt.'" Id. Brown v. Roe, 279 F.3d 742, 745-46 (9th Cir. 2002)(compiling cases); Williams v. Lockhart, 849 F.2d 1134, 1138 (8th Cir. 1988)(respectively). See also, Drake v. Portuondo, 321 F.3d 338, 345-46 (3d Cir. 2003)(holding that "[w]here specific allegations before the Court show reasons to believe that the petitioner may if the facts are fully developed, be able to demonstrate he is . . . entitled to relief, it is the duty of the Court to provide the necessary facilities and procedures for an adequate inquiry.").

**Wherefore**, Mr. Derungs is respectfully this Honorable Court to grant him the relief he seeks and issue Respondent an Order to re-open his Disciplinary Hearing and provide him with all of the procedural due process safeguards necessary imbued from Wolff and Hill, supra. Additionally, pursuant to the Federal Rules of Appellate Procedure ("FRAP") for Habeas Corpus Proceedings, Mr. Derungs is further requesting this Honorable Court to stay any transfer out this Court's jurisdiction. There, FRAP 23 states that Respondent may not transfer Mr. Derungs "[p]ending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States" without first getting permission from the parties and the Court. And finally, Mr. Derungs is respectfully any other relief this Honorable Court deems appropriate in the protection of his constitutional rights as a pro se and indigent prisoner.

Dated: August 24, 2011.

Respectfully submitted,

Herbert John Derungs
Fed.Reg.No. 99654-111



**TERRY NAFISI**
District Court Executive
and Clerk of Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-3535

Friday, December 02, 2011

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

HERBERT JOHN DERUNGS
#99654-111
P.O. BOX 3007
SAN PEDRO, CA 90731

Dear Sir/Madam:

Your petition has been filed and assigned civil case number        CV11- 10004 DOC (MRW)

Upon the submission of your petition, it was noted that the following discrepancies exist:

[X] 1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover, American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at all payment windows where receipts are issued.

[X] 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

[ ] (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its entirety.

[X] (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized officer at the prison.

[ ] (d) You did not use the correct form.  You must submit this court's current Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court
    CPOWERS
By: _____
          Deputy Clerk



**TERRY NAFISI**
District Court Executive
and Clerk of Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
312 North Spring Street, Room G-8 Los Angeles, CA 90012
Tel: (213) 894-7984

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Friday, December 02, 2011

HERBERT JOHN DERUNGS
#99654-111
P.O. BOX 3007
SAN PEDRO, CA 90731


Dear Sir/Madam:

A [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number CV11- 10004 DOC (MRW)

A [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case number _____ and also assigned the civil case number _____

A [ ] Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and assigned civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
  [ ] District Court Judge _____
  [X] Magistrate Judge **Michael Wilner**
at the following address:

  [X] U.S. District Court          [ ] Ronald Reagan Federal          [ ] U.S. District Court
      312 N. Spring Street             Building and U.S. Courthouse       3470 Twelfth Street
      Civil Section, Room G-8          411 West Fourth St., Suite 1053    Room 134
      Los Angeles, CA 90012            Santa Ana, CA 92701-4516           Riverside, CA 92501


The Court must be notified within fifteen (15) days of any address change. If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

                                                Very truly yours,
                                                Clerk, U.S. District Court

                                                By: ___CPOWERS_____
                                                        Deputy Clerk

CV-17 (06/09)           LETTER re FILING H/C PETITION or 28/2255 MOTION

Herbert DeRungs #99654-111
Federal Correctional Institution
P.O. Box 3007
San Pedro, CA 90731

Legal Mail

⇔ 99654-111 ⇔
Us District Court
312 N Spring ST
LOS Angeles, CA 90012
United States

RECEIVED
CLERK, U.S. DISTRICT COURT
DEC -1 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    MR

